# CIRCUIT COURT OF THE CITY OF WINCHESTER

Melanie L. Grady

v.

Omps Funeral Home, Inc.

October 11, 1996

Case No. (Law) 96-137

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the Defendants' Demurrer and Plea of the Statute of Limitations. Upon consideration of the memorandum of authorities filed by counsel, the Court has decided to deny the Demurrer and to sustain the Plea of the Statute of Limitations as it applies to the count for tortious infliction of emotional harm.

## I. *Statement of Material Facts*

The following facts have been pleaded by the Plaintiff.
On May 26, 1994, the Plaintiff signed a funeral purchase contract with the Defendant funeral home for her husband's funeral and interment. On May 28, 1994, the Plaintiff's husband was buried in the Shenandoah Memorial Park by the Defendant.

The Plaintiff claims that her husband's casket was buried pointed in the wrong direction and that a portion of the casket lining was protruding from the casket at the time that it was buried. The Plaintiff seeks to recover for her mental anguish and for the cost of reinterring her husband in the correct fashion. The Motion for Judgment was filed in this Court on May 28, 1996.

## II. *Conclusions of Law*

In *Womack v. Eldridge*, 215 Va. 338, 343, 210 S.E.2d 145 (1974), the Supreme Court of Virginia adopted the following rules governing liability for emotional distress caused by a non-tactile tort:

We adopt the view that a cause of action will lie for emotional distress, unaccompanied by physical injury, provided four elements are shown: One, the wrongdoer's conduct was intentional or reckless. This element is satisfied where the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result. Two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality. This requirement is aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved. Three, there was a causal connection between the wrongdoer's conduct and the emotional distress. Four, the emotional distress was severe.

"It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, or whether it is necessarily so. Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability." Restatement (Second) of Torts, *supra*, at 77.

*Accord Myseros v. Sissler*, 239 Va. 8, 387 S.E.2d 463 (1990).

Despite the Supreme Court of Virginia's aversion to recovery of mental anguish and other emotional damages for non-tactile torts, the Supreme Court has allowed the family of a deceased to recover for mental suffering and anguish from a funeral home which was breached the contract with the deceased's family and inflicted indignities upon the remains of the deceased. *Sanford v. Ware*, 191 Va. 43, 51, 60 S.E.2d 10 (1950).

In *McHenry v. Adams*, 248 Va. 238, 448 S.E.2d 390 (1994), the Court was confronted with a particularly egregious set of circumstances in a case where a son sued a funeral home for the manner in which they buried his mother alleging negligence, breach of warranty, misrepresentation, and violation of the Virginia Consumer Protection Act. As is noted in *Sanford v. Ware, supra*, and in *McHenry*, the injuries in cases such as these, "are not to … the [Plaintiff's] … person in the sense that he has sustained a direct personal injury," but rather, arise from the "unlawful invasion of his right to afford his … [deceased family member] … a proper burial … ." *McHenry v. Adams, supra*, 248 Va. 238, 241; and *Sanford v. Ware*, 191 Va. 43, 51, 60 S.E.2d 10 (1950). Accordingly, it would appear that the one year statute of limitations specified by Virginia Code § 8.01-248 for personal actions "for which no limitation

period is otherwise prescribed" would be the statute of limitations to apply to the Plaintiff's claim for mental anguish and emotional distress.

One wrongful act may give rise to several rights of action to which different statutes of limitation apply. *See, e.g., Carter v. Hinkle*, 189 Va. 1, 52 S.E.2d 135 (1949) (personal injury claim and property damage claim arising from the same accident). "[T]he applicability of the statute of limitations is determined by the object of the litigation, not the form in which it is filed." *Board of Supvrs. v. Thompson Assoc.*, 240 Va. 133, 139, 393 S.E.2d 201 (1990). Accordingly, the Plaintiff's tort action for infliction of emotional harm is barred by the statute of limitations, and the Plaintiffs may not assert a claim for mental anguish and emotional distress against the Defendant. However, with respect to any contract claim that the Defendant may have, that claim is not barred by the statute of limitations, but the Plaintiff cannot recover for mental anguish and emotional distress in the breach of contract action. Therefore, the Plaintiff will be limited to recovering the cost of reinterring the Plaintiff's decedent in a correct manner.

The parties are reminded in this case that the Plaintiff has a duty to reasonably minimize her damages. *Fox-Sadler Co. v. Earl E. Norris Roofing Co.*, 229 Va. 106, 327 S.E.2d 95 (1985).

### III. *Conclusion*

For the foregoing reasons, it is adjudged and ordered that:

1. Defendants' Demurrer is overruled.

2. Defendants' Plea of the Statute of Limitations to the Plaintiff's tort action for recovery of intentional infliction of emotional harm is sustained.